■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER R. MAHONEY, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered October 5, 1981, convicting defendant

---

upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree. At approximately 8:00 P.M. on May 16, 1981, Detective Milham of the Town of Colonie Police Department was in room 110 at the Colonie Holiday Inn, having arranged to meet there with one David Longe to purchase a quantity of cocaine. At the appointed time, two females entered the room and the detective purchased what he believed to be an ounce of cocaine from one of the women, Mary Lou Rorick. After the women were placed under arrest, Miss Rorick informed the police that Mr. Longe was at 2 Lucia Lane in Colonie, New York, and was in possession of a large amount of cocaine and marihuana. She further stated that Longe expected her back shortly. Upon the above information, Detective Milham prepared an application for a warrant to search 2 Lucia Lane and took it to the local Town Justice at approximately 8:40 P.M. Shortly thereafter, the Town Justice executed the warrant. Once the warrant was executed, Detective Milham radioed Detective Krolak, who, with several other police officers, had the house at 2 Lucia Lane under surveillance, and advised him that the search warrant had been issued and that he was en route with it. By this time, defendant and Longe were walking back and forth in the house, constantly looking out the window. Consequently, Detective Krolak and several other police officers entered the premises and apprehended Longe and defendant. When Detective Milham arrived with the search warrant approximately five minutes later, the house was searched and quantities of cocaine and marihuana were seized. Defendant was then transported to the Colonie Police Department, where, after waiving his *Miranda* rights, he proceeded to give a statement. On May 26, 1981, defendant was indicted for the crimes of criminal possession of a controlled substance in the first degree and criminal possession of marihuana in the first degree. In due course, a suppression hearing was held, after which defendant's motion to suppress the seized evidence and his statement was denied. Subsequently, defendant pleaded guilty to the crime of criminal sale of a controlled substance in the second degree and was sentenced to an indeterminate term of imprisonment with a maximum term of life and a minimum term of six years. Defendant's primary argument is that County Court erred in holding that the warrantless arrest of defendant was proper and, consequently, erred by refusing to suppress his statement. First, defendant argues that County Court mistakenly relied on CPL 140.25. Indeed, CPL 140.25 which authorizes, in certain instances, warrantless arrests made by "peace officers" does not apply to the arrest made here by police officers. However, upon reading County Court's decision, it is obvious that although the court referred to CPL 140.25, it intended to refer to CPL 140.10 which concerns warrantless arrests made by "police officers". Second, defendant contends that under *Payton v New York* (445 US 573) the entry into his house was unconstitutional and, as a result, his arrest and the seizure of property were illegal. *Payton,* however, is inapplicable to the instant situation since here, unlike in *Payton,* the police entry was based upon a validly executed search warrant, issuance of which served to protect defendant's right to privacy in his house (*Payton v New York, supra*). Next, defendant argues that the entry was illegal because the police were not in actual possession of the warrant at the time they entered the house. However, as the instant search warrant expressly authorized the police to enter defendant's house without giving notice (see CPL 690.50, subd 2, par [a]), their entry, after they observed the activity of the occupants of the house and after they learned that an executed warrant was en route, was proper. We have examined defendant's remaining contentions and find them to be without merit. Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.