*1008 OPINION OF THE COURT
Memorandum.
The order of Appellate Term should be affirmed.
Defendant was arrested and charged with operating a motor vehicle while impaired by drugs (Vehicle and Traffic Law § 1192 [4]) after he was found behind the wheel of a vehicle which had collided with a parked vehicle. Blood withdrawn from defendant after his arrest tested positively for the presence of phencyclidine, or PCP.
Defendant moved to suppress the results of the blood test, arguing that the test was administered in violation of Vehicle and Traffic Law § 1194 (2) because the blood was withdrawn more than two hours after his arrest. The motion was decided on a brief stipulated account of the facts surrounding the administration of the test, as follows. Defendant was arrested at the scene of the accident and taken to a hospital for examination. Within two hours of his arrest, defendant consented to the administration of a blood test. The test, however, was not administered until two hours and 28 minutes after his arrest. Criminal Court denied the motion, and Appellate Term affirmed, finding the two-hour requirement of Vehicle and Traffic Law § 1194 (2) to be inapplicable because defendant had voluntarily consented to the blood test.
In People v Ward (307 NY 73), this Court held that former section 71-a of the Vehicle and Traffic Law — the predecessor "deemed consent” statute to Vehicle and Traffic Law § 1194[1]— had no application where the defendant expressly and voluntarily consented to a blood test (id., at 76). Noting that the deemed consent statute "was concerned, not with those who consented to take the test, but with those who were required to submit”, we found it "difficult to perceive any necessity for the protections embodied in [the deemed consent statute] where the driver freely volunteers to take the test and have his blood analyzed” (id., at 77). It follows from our decision in *1009 Ward that the two-hour limitation contained in Vehicle and Traffic Law § 1194 (2) (a) has no application here where, as found by Appellate Term, defendant' expressly and voluntarily consented to administration of the blood test.[2]
Defendant’s contention that the two-hour limitation in section 1194 (2) (a) was intended by the Legislature to be an absolute rule of relevance, proscribing admission of the results of any chemical test administered after that period regardless of the nature of the driver’s consent, is unpersuasive. This argument is completely undermined by the lack of a corresponding time limit for court-ordered chemical testing under section 1194 (3) (see, People v McGrath, 135 AD2d 60, affd on opn below 73 NY2d 826) or the additional test which the driver must be permitted to have administered by a physician of his or her choosing under section 1194 (4) (b) (see, People v Finnegan, 85 NY2d 53, 59).

. Vehicle and Traffic Law former § 71-a provided in part: "1. Any person who operates a motor vehicle * * * in this state shall be deemed to have given his consent to a chemical test of his breath, blood, urine, or saliva for the purpose of determining the alcoholic content of his blood provided that such test is administered at the direction of a police officer having reasonable grounds to suspect such person of driving in an intoxicated condition.”
The statutory language was substantially similar to that contained in the present Vehicle and Traffic Law § 1194 (2), although the two-hour requirement had not yet been incorporated into the statute.

. To the extent that defendant argues that his consent to the blood test was not voluntary, that issue was not raised as a basis for suppression before the trial court or otherwise preserved for our review as a matter of law.