OPINION OF THE COURT
Beth Beller, J.
The defendant stands charged with three counts of operating a motor vehicle while under the influence of alcohol or drugs, in violation of Vehicle and Traffic Law § 1192 (1), (2), and (3). On June 28, 2017, a hearing was held before Judicial Hearing Officer (JHO) David Stadtmaeur to determine the admissibility of statement and physical evidence, including the result of the blood test administered to the defendant. After hearing the evidence, JHO Stadtmaeur ruled as follows: (1) the statement evidence is admissible as the pre-Miranda questioning at the scene of the accident was investigatory; (2) physical evidence and police observations were appropriately obtained as the police were properly at the accident scene rendering assistance and had probable cause to arrest the defendant; and (3) the defendant’s explicit consent to take the blood test even after a two-hour period authorized the police to administer the test, rendering the results admissible. This court agrees with and adopts JHO Stadtmaeur’s decision. However, the court will now address an issue raised by the defense that was not addressed in the JHO’s decision.
Facts
At the hearing, the People called one witness, Police Officer Christopher Cacioppo of the 45th Precinct. Police Officer Cacioppo testified in sum and substance as follows: On June 20, 2016, at approximately 1:30 a.m., Police Officer Cacioppo and his partner, Officer Ramos, received a radio run of an accident at Randall Avenue and East Tremont Avenue. When they arrived at the location, about 20 minutes later, the officers observed two damaged cars: a white Jeep Grand Cherokee with front-end damage facing eastbound on East Tremont Avenue and a Chevrolet with side damage facing westbound on East Tremont Avenue. An ambulance was at the scene, and Officer Cacioppo approached the defendant, who was lying on a *971 stretcher, and asked him what had happened. The defendant replied, “I came from a friend’s house. I had a cup of Hennessy.” The defendant further admitted that the Jeep was his. Officer Cacioppo noticed that the defendant had watery eyes and slurred speech. Based on Officer Cacioppo’s observations of the defendant, he concluded that the defendant was intoxicated. The defendant was arrested at 1:56 a.m. and taken to Jacoby Hospital. While the defendant was at the hospital, a highway officer, Police Officer Itin, responded to the hospital. At 4:46 a.m., in Officer Cacioppo’s presence, Police Officer Itin asked the defendant to submit to a blood test.[1] Officer Cacioppo could not recall what the defendant said, but after reviewing the Intoxicated Driving Testing Unit instruction sheet, he testified that the defendant’s initial response to the question was unclear. Officer Itin then read the refusal warnings listed in Part C of the intoxicated driver examination sheet to the defendant and the defendant consented to a blood test.[2] The defendant signed the consent form at 4:50 a.m. and the test was administered at 4:52 a.m. The defendant’s blood was drawn, packed, and sealed by Dr. Patel. It was delivered to the police lab, and the result indicated a positive reading of .17%.
Conclusions of Law
This court adopts the JHO’s finding that there was probable cause to arrest the defendant based on indicia that the defendant was intoxicated and therefore, suppression of statement and physical evidence was properly denied. This court finds it necessary, however, to address the defense’s argument that the defendant’s consent to take the blood test was involuntary and therefore, the results of the blood test should be suppressed. Specifically, the defendant argues that it was improper to read the refusal warnings to the defendant prior to his consent because it was more than two hours after the defendant’s arrest. After a thorough review of the case law and the relevant *972 statutes, this court disagrees with the defense’s argument for the reasons set forth below.
Prior to 1970, Vehicle and Traffic Law § 70 (5) provided that chemical test results were admissible only if a chemical test was performed within two hours of an arrest. In 1970, however, the legislature moved the two-hour provision out of the successor statute, Vehicle and Traffic Law § 1195 (1), and relocated it to the deemed consent section of the Vehicle and Traffic Law § 1194 (2) (a). (See People v Morales, 161 Mise 2d 128, 130-131 [Crim Ct, Rings County 1994]; Joseph McCormack & Timothy C. Stone, Clarifying the Admissibility of DWI Chemical Test Refusals in New York: The “Two-Hour Rule” Does Not Apply, 82 St. John’s L Rev 675, 676-677 [2008].) Therefore, under the current statutory scheme, the two-hour rule only applies when a chemical test is performed upon a person who is incapable of consenting. (See People v Robinson, 82 AB3d 1269 [2d Dept 2011], Iv denied 17 NY3d 800 [2011].) More specifically, as acknowledged by the Court of Appeals, the legislature distinguishes between conscious drivers and unconscious or incapacitated drivers. (See People v Kates, 53 NY2d 591 [1981].)
“The only remnant of the two-hour rule, and, in fact, the only time that the words ‘two hours’ even appear in [Vehicle and Traffic Law] section 1194, is in section 1194(2)(a). The statute is thus very straightforward: When the deemed consent provision of section 1194 applies, a chemical test analysis must be conducted within two hours of the driver’s arrest. Failure to do so renders such evidence inadmissible at trial. This two-hour prescription exists nowhere else in the statute, dictating that its scope was likewise meant to be limited to that provision.” (Joseph McCormack & Timothy C. Stone, Clarifying the Admissibility of DWI Chemical Test Refusals in New York: The “Two-Hour Rule” Does Not Apply, 82 St. John’s L Rev at 676-677 [2008].)
The Court of Appeals has clearly held that the two-hour limitation contained in Vehicle and Traffic Law § 1194 (2) (a) has no application where a defendant expressly and voluntarily consents to the administration of a blood test. (People v Atkins, 85 NY2d 1007 [1995].) Indeed, the Court of Appeals held in Atkins that the “Defendant’s contention that the two-hour limitation in section 1194 (2) (a) was intended by the Legislature to be an absolute rule of relevance, proscribing admission *973 of the results of any chemical test administered after that period regardless of the nature of the driver’s consent, is unpersuasive.” {Id. at 1009.) As it is clear that the only proscribed application of the two-hour rule is limited strictly to the deemed consent subsection of section 1194, which applies only to unconscious or incapacitated drivers, any argument that refusal warnings are inappropriate if given to a defendant capable of consent after two hours of arrest is misguided. The notion that it is improper for the police to administer refusal warnings after two hours, and that giving such warnings renders an otherwise voluntary consent to submit to a chemical test involuntary, blatantly contradicts both well settled law established by the Court of Appeals and the intent of the legislature in its construction of Vehicle and Traffic Law § 1194 as interpreted by the Court of Appeals in Atkins and Kates.
Here, the defendant was not incapable of consenting and thus, the two-hour rule does not apply. Nonetheless, the defendant argues that it does. In support of his position, the defendant cites People v Odum (Crim Ct, Bronx County, Dec. 3, 2015, Whiten, J., docket No. 2014BX056060, affd 54 Misc 3d 128[A], 2016 NY Slip Op 51806[U] [App Term, 1st Dept 2016], lv granted 29 NY3d 1084 [June 13, 2017]). In Odum, the suppression court ruled that the defendant’s consent to a breathalyzer test was involuntary, based on the fact that the defendant was warned, more than two hours after his arrest, that his refusal to submit to the test would result in the suspension and revocation of his license and that the refusal may be used against him. Odum, in turn, relied on a First Department case, People v Rosa (112 AD3d 551 [1st Dept 2013], lv denied 22 NY3d 1202 [2014]), in which the Appellate Division stated in dicta, “Because more than two hours had passed since defendant’s arrest, the officer who administered the breathalyzer test should not have advised defendant that if he refused to take the test, his driver’s license would be suspended and the refusal could be used against him in court.” {Id. at 552.) That was not the holding of the Rosa court, however. In Rosa, the Appellate Division, First Department held that the defendant’s consent was voluntary when “considering the record as a whole” {id.), and did not suppress the evidence of the breath test. Given that holding, the language in Rosa that the warnings should not have been given after two hours is dicta, and is not binding on this court. Although the Appellate Term, First Department, has affirmed People v Odum (54 Misc 3d 128[A], 2016 NY Slip *974 Op 51806[U] [App Term, 1st Dept 2016]), this court, after extensive research, has not found any First Department, Appellate Division cases that have held that the two-hour rule applies to a defendant who is capable of consenting and that refusal warnings given after two hours render a refusal involuntary. Furthermore, in People v Robinson (82 AD3d at 1270), the Appellate Division, Second Department, specifically held that where a person is capable of consent, but refuses, evidence of that refusal is admissible into evidence at trial, regardless of whether the refusal is made more than two hours after arrest. Given that determination, this court does not understand the rationale behind the holding in People v Odum.
With all due deference to the Appellate Term, First Department, this court is bound by the Appellate Division, Second Department’s decision in Robinson over the decision of the Appellate Term. (See People v Shakur, 215 AD2d 184 [1st Dept 1995].) Furthermore, the Robinson decision comports with the Court of Appeals decision in People v Atkins (85 NY2d 1007 [1995]), which held that the two-hour rule only applies in deemed consent cases. Although the Court of Appeals did not rule on the precise issue before this court, the Court of Appeals has granted leave to hear the People’s appeal of the Odum case and therefore, the decision of the Appellate Term, First Department is not final. Accordingly, this court finds that the defendant’s consent to take the blood test was not involuntary.
For the foregoing reasons, this court adopts JHO Stadtmaeur’s decision and denies the defendant’s motion to suppress the results of the chemical test.

. The officer’s request for a blood test was two hours and 50 minutes after the defendant was arrested.

. The intoxicated driver examination sheet was introduced as defendant’s exhibit B. The warnings listed in Part C state,
“If you refuse to submit to the test, or any portion thereof, it will result in the immediate suspension and subsequent revocation of your driver’s license or operating privilege whether or not you are found guilty of the charges for which you have been arrested. In addition, your refusal to submit to a test, or portion thereof, can be introduced as evidence against you at any trial proceeding or hearing resulting from the arrest.”