The People of the State of New York, Respondent,
against
Eric Fisher, Appellant. 




Appellate Advocates (Meredith S. Holt of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott and Michelle Kaszuba of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Douglas S. Wong, J.), rendered June 10, 2016. The judgment convicted defendant, upon a jury verdict, of common-law driving while intoxicated, and imposed sentence. The appeal brings up for review so much of an order of that court (John Zoll, J.) dated December 4, 2015 as denied the branch of defendant's motion seeking to dismiss the accusatory instrument on the ground that he was denied his statutory right to a speedy trial.




ORDERED that the judgment of conviction is affirmed.
In November 2013, defendant was arraigned on an accusatory instrument charging him with numerous offenses including common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). By notice of omnibus motion returnable in January 2014, defendant sought, among other things, to suppress statements, physical evidence, and the results of a breath test. In an order dated January 21, 2014, the Criminal Court (Stephanie Zaro, J.) directed that Mapp/Huntley/Dunaway hearings be held. Thereafter, a judicial hearing officer (J.H.O.) held a combined hearing in October 2014, following which suppression was denied by order of the Criminal Court (John Zoll, J.) dated July 17, 2015. Thereafter, defendant moved for leave to reargue his motion. Leave was granted and, upon reargument, the Criminal Court adhered to its prior order. By notice of motion returnable in October 2015, defendant moved, insofar as is relevant to this appeal, to dismiss the accusatory instrument on the ground that his statutory right [*2]to a speedy trial had been violated. The People opposed the motion and, by order dated December 4, 2015, the Criminal Court (John Zoll, J.), among other things, denied that branch of defendant's motion, finding that only 22 days of delay were chargeable to the People. Defendant subsequently made several other motions. In April 2016, following a jury trial, defendant was convicted of common-law driving while intoxicated and, in June 2016, he was sentenced to 45 days in jail, three years of probation, a $1,000 fine, and the installation of an ignition interlock device on his vehicle for three years.
On appeal, defendant contends that the statutory speedy trial branch of his motion should have been granted; that he received the ineffective assistance of counsel because his trial attorney failed to make a specific statutory speedy trial argument and failed to move for dismissal on constitutional speedy trial grounds; and that his sentence is excessive.
It is uncontroverted that the People were required to announce their readiness for trial within 90 days of the commencement of the action, since the most serious offense charged was a class A misdemeanor (see CPL 30.30 [1] [b]; see also People v Lomax, 50 NY2d 351, 356 [1980]). A failure by the prosecution to be ready within this statutory period or make a sufficient showing of excludability would require the dismissal of the accusatory instrument (see People v Berkowitz, 50 NY2d 333, 349 [1980]).
We find that a total of seven days of delay are chargeable to the People for the periods of March 18, 2014 to March 20, 2014, and August 6, 2014 to August 11, 2014, since the People requested the adjournments made during those periods and, as " 'to periods of delay that occur following the People's statement of readiness, any period of an adjournment in excess of that actually requested by the People is excluded' " (People v Brown, 28 NY3d 392, 404 [2016], quoting People v Boumoussa, 104 AD3d 863, 863 [2013]). In addition, 15 days of delay are chargeable to the People for the period of May 14, 2014 to May 29, 2014, because the People announced that they were not ready on May 14th and did not file their off-calendar statement of readiness until May 29th.
With respect to the period of October 16, 2014 (when the People stated that they were not ready) to October 27, 2014 (when the People filed their off-calendar statement of readiness), the parties agree that the People should be charged with this 11-day period. The Criminal Court, however, disagreed. In its December 4, 2015 order, the court noted that, after the combined Mapp/Dunaway/Huntley hearing had been held on October 9, 2014, the case had been adjourned to October 16th for an Atkins hearing (People v Atkins, 85 NY2d 1007 [1995]), which the J.H.O. was not authorized to conduct, since the Criminal Court's January 2014 order had not directed that such a hearing be held. The court then found that the foregoing 11 days—as well as any subsequent time attendant to the Atkins hearing—were not chargeable to the People.
On October 9, 2014, all evidence had been presented in regard to the Mapp/Huntley/Dunaway hearings ordered by the Criminal Court. The People, however, requested an adjournment so that they could present testimony pertaining to an Atkins hearing. [*3]The J.H.O. seemingly expanded the scope of the hearing to include an Atkins hearing, as the case was subsequently adjourned numerous times for such a hearing. In May 2015, when the case was finally back before the same J.H.O. who had ordered a continuation for an Atkins hearing, the J.H.O. stated that there would not be an Atkins hearing after all because the court had only ordered Mapp/Dunaway/Huntley hearings. The J.H.O. then adjourned the case for a decision on the combined hearing. Contrary to the determination of the Criminal Court, we find that standard calculations for speedy trial time apply to the time in which the case was adjourned for the alleged Atkins hearing. In view of the foregoing, the 11 days of delay from October 16, 2014 to October 27, 2014 are chargeable to the People, as well as the 35 days from March 5, 2015 to April 9, 2015 and the five days from April 9th to April 14, 2015, because the People had requested those respective 11, 35 and 5-day adjournments and, as " 'to periods of delay that occur following the People's statement of readiness, any period of an adjournment in excess of that actually requested by the People is excluded' " (People v Brown, 28 NY3d at 404, quoting People v Boumoussa, 104 AD3d at 863).
As only a total of 73 days of delay are chargeable to the People, the statutory speedy trial branch of defendant's motion was properly denied.[FN1]


With respect to defendant's contention that he was denied the effective assistance of counsel because his trial attorney did not argue, in his statutory speedy trial motion, that the People should be charged with the 64-day period of August 6, 2014 to October 9, 2014, it is well settled that the People bear "the burden to ensure, in the first instance, that the record of the proceedings at which an adjournment was actually granted is sufficiently clear to enable the court considering the subsequent CPL 30.30 motion to make an informed decision as to whether the People should be charged" (People v Cortes, 80 NY2d 201, 215-216 [1992]). In the case at bar, we find that the record was sufficiently clear to enable the Criminal Court—which agreed with the arguments made by the defense and the People, and held that only 11 days of delay are chargeable to the People for this period—to make an informed decision as to how much time to charge to the People (see id). With respect to defendant's contention that he was denied the effective assistance of counsel because his trial attorney failed to move to dismiss the accusatory instrument on constitutional speedy trial grounds, we find, upon applying the People v [*4]Taranovich (37 NY2d 442, 445 [1975]) factors to the case at bar, that defendant was never incarcerated and he otherwise failed to establish that he was prejudiced or that his defense was impaired due to the delay (see People v Jenkins, 58 Misc 3d 150[A], 2018 NY Slip Op 50088[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; People v Keane, 47 Misc 3d 136[A], 2015 NY Slip Op 50497[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Thomas, 26 Misc 3d 144[A], 2010 NY Slip Op 50441[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]).

In view of the foregoing, since an attorney's "failure to make a motion or argument that has little or no chance of success' does not amount to ineffective assistance" (People v Johnson, 94 AD3d 1563, 1564 [2012] [internal quotation marks omitted]; see also People v Caban, 5 NY3d 143, 152 [2005]; People v Stultz, 2 NY3d 277, 287 [2004]), we find that defendant's trial attorney provided him with meaningful representation in accordance with the federal and New York State standards (see US Const Amend VI;NY Const, art I, § 6; Strickland v Washington, 466 US 668 [1984]; People v Caban, 5 NY3d at 155-156; People v Benevento, 91 NY2d 708, 713 [1998]).

Furthermore, defendant contends that his sentence is excessive and the three-year terms he received for probation and the ignition interlock device should be reduced in the interest of justice. Upon a review of the record, we find that no extraordinary circumstances were presented to show that three-year terms for the ignition interlock device and probation were excessive (see People v Hodges, 13 AD3d 979 [2004]; People v Dolphy, 257 AD2d 681 [1999]).

Accordingly, the judgment of conviction is affirmed. 

ELLIOT, J.P., PESCE and SIEGAL, JJ., concur.



ENTER:

Paul Kenny

Chief Clerk

Decision Date: October 11, 2019



Footnotes

Footnote 1: On appeal, defendant argues for the first time that the 64-day time period of August 6, 2014 to October 9, 2014 is chargeable to the People. While we do not review this argument in connection with defendant's speedy trial contention (see People v Beasley, 16 NY3d 289, 292-293 [2011]), we address this period in the following discussion of defendant's ineffective assistance of counsel contention.~~