| People v Faul |
| :---: |
| 2022 NY Slip Op 34779(U) |
| May 11, 2022 |
| County Court, Westchester County |
| Docket Number: Indictment No. 22-70198 |
| Judge: George E. Fufidio |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK

**FILED**

-against-

**MAY 1 1 2022**

DECISION & ORDER
Indictment No.: 22-70198

BRANDON FAUL,

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER
Defendant.

----------------------------------------------------------------X

FUFIDIO, J.

  Defendant, BRANDON FAUL, having been indicted on or about November 30, 2021 on two counts driving while ability impaired by drugs as a felony (Vehicle and Traffic Law § 1192 [4-a]), as well as two traffic violations (Vehicle and Traffic Law § 1128[a], failure to stay in lane and Vehicle and Traffic Law §1163[d], failure to signal) has filed an omnibus motion which consists of a Notice of Motion, an Affirmation in Support and a Memorandum of Law.  In response, the People have filed an Affirmation in Opposition together with a Memorandum of Law. Upon consideration of these papers, the stenographic transcript of the grand jury minutes this Court disposes of this motion as follows:

### A. MOTION TO INSPECT AND THE GRAND JURY MINUTES AND TO DISMISS AND/OR REDUCE THE INDICTMENT

  Defendant moves pursuant to CPL §§210.20(1)(b) and (c) to dismiss the indictment, or counts thereof, on the grounds that the evidence before the Grand Jury was legally insufficient and that the Grand Jury proceeding was defective within the meaning of CPL §210.35. The Court has reviewed the minutes of the proceedings before the Grand Jury.

  Pursuant to CPL §190.65(1), an indictment must be supported by legally sufficient evidence which establishes that the defendant committed the offenses charged.  Legally sufficient evidence is competent evidence which, if accepted as true, would establish each and every element of the offense charged and the defendant's commission thereof (CPL §70.10[1]); *People v Jennings*, 69 NY2d 103 [1986]).  "In the context of a grand jury proceeding, legal sufficiency means *prima facie* proof of the crimes charged, not proof beyond a reasonable doubt." *People v Bello*, 92 NY2d 523 (1998); *People v Ackies*, 79 AD3d 1050 (2nd Dept 2010). In rendering a determination, "[t]he reviewing court's inquiry is limited to whether the facts, if proven, and the inferences that logically flow from those facts supply proof of each element of the charged crimes and whether the grand jury could rationally have drawn the inference of guilt." *Bello, supra*, quoting *People v Boampong*, 57 AD3d 794 (2nd Dept 2008-- internal quotations omitted).  A review of the minutes reveals that the evidence presented, if accepted as true, would be legally sufficient to establish every element of the offenses charged (see CPL §210.30[2]).  Specifically, there was *prima facie* evidence that the defendant had, at the very least, recently taken methadone; had driven erratically and crashed his car and that via field sobriety tests administered by the responding State Trooper, showed he was impaired.

With respect to Defendant's claim that the Grand Jury proceeding was defective within the meaning of CPL §210.35, a review of the minutes supports a finding that a quorum of the grand jurors was present during the presentation of evidence and at the time the district attorney instructed the Grand Jury on the law, that the grand jurors who voted to indict heard all the "essential and critical evidence" (*see People v Collier*, 72 NY2d 298 [1988]; *People v Julius*, 300 AD2d 167 [1st Dept 2002], *lv den* 99 NY2d 655 [2003]). The Grand Jury was properly instructed (*see People v Calbud*, 49 NY2d 389 [1980] and *People v. Valles*, 62 NY2d 36 [1984]).

In making this determination, the Court does not find that release of such portions of the Grand Jury minutes as have not already been disclosed pursuant to CPL Article 245 to the parties was necessary to assist the Court.

## B. MOTION FOR *SANDOVAL/VENTIMIGLIA/MOLINEUX* HEARING

Granted, solely to the extent that *Sandoval/Ventimiglia/Molineux* hearings, as the case may be, shall be held immediately prior to trial, as follows:

I. Pursuant to CPL §245.20, the People must notify the Defendant, not less than fifteen days prior to the first scheduled date for trial, of all specific instances of Defendant's uncharged misconduct and criminal acts of which the People have knowledge and which the People intend to use at trial for purposes of impeaching the credibility of the Defendant, or as substantive proof of any material issue in the case, designating, as the case may be for each act or acts, the intended use (impeachment or substantive proof) for which the act or acts will be offered; and

II. Defendant, at the ordered hearing, must then sustain his burden of informing the Court of the prior misconduct which might unfairly affect him as a witness in his own behalf (*see, People v. Malphurs*, 111 AD2d 266 [2nd Dept. 1985]).

## C. MOTION FOR FURTHER DISCOVERY AND INSPECTION

Defendant's motion for discovery is granted to the extent provided for in Criminal Procedure Law Article 245 and/or already provided by the People. If any items set forth in CPL Article 245 have not already been provided to Defendant pursuant to that Article, said items are to be provided forthwith. Any party is granted leave, if required, to apply for a Protective Order in compliance with CPL Article 245, upon notice to the opposing party and any party affected by said Protective Order. The People are directed to file a Certification of Compliance with CPL Article 245 and the instant Order upon completion of their obligations thereunder, if they have not already done so. The People's cross-motion for reciprocal discovery is likewise granted to the extent provided for in Criminal Procedure Law Article 245, and/or already provided to the People. The People are further reminded that any response to a demand for a bill of particulars by Defendant shall adequately inform Defendant of the substance of the alleged conduct, and in all respects comply with CPL Article 245 and §200.95, within 15 days of the date of the request. However, because the Defendant has not demanded a Bill of Particulars within the timeframe set forth in the Criminal Procedure Law, the Court denies the Defendant a Bill of Particulars (CPL 200.95[3]). In any event, the Defendant has received more than enough information through the authorized discovery channels by which to adequately formulate his defense (CPL 200.95[5]). The Defendant's request that the Court conduct an *in camera* inspection of the People's file for exculpatory evidence is denied.

[* 2]

In addition, pursuant to Administrative Order 393/19, it is:

ORDERED, that the District Attorney and the Assistant District Attorney responsible for the case, are required to make timely disclosure of information favorable to the defense as required by *Brady v Maryland*, 373 US 83 [1963]; *Giglio v United States*, 405 US 150 [1972]; *People v Geaslen*, 54 NY2d 510 [1981]; and their progeny under the United States and New York State Constitutions and by Rule 3.8(b) of the New York State Rules of Professional Conduct; and it is further

ORDERED, that the District Attorney and the Assistant District Attorney responsible for the case or, if the matter is not being prosecuted by the District Attorney, the prosecuting agency and its assigned representatives, have a duty to learn of such favorable information that is known to others acting on the government's behalf in the case, including the police, and are therefore expected to confer with investigative and prosecutorial personnel who acted in the case and to review all files which are directly related to the prosecution or investigation of this case. For purposes of this Order, favorable information can include but is not limited to:

a) Information that impeaches the credibility of a testifying prosecution witness, including

(i) benefits, promises, or inducements, express or tacit, made to a witness by a law enforcement official or law enforcement victim services agency in connection with giving testimony or cooperating in the case;

(ii) a witness's prior inconsistent statement, written or oral;

(iii) a witness's prior convictions and uncharged criminal conduct;

(iv) information that tends to sow that a witness has a motive to lie to inculpate the defendant, or a bias against the defendant or in favor of the complainant or the prosecution; and

(v) information that tends to show impairment of a witness's ability to perceive, recall, or recount relevant events, including impairment resulting from mental or physical illness or substance abuse;

b) Information that tends to exculpate, reduce the degree of an offense, or scupport a potential defense to a charged offense;

c) Information that tends to mitigate the degree of the defendant's culpability as to a charged offense, or to mitigate punishment;

d) Information that tends to undermine evidence of the defendant's identity as a perpetrator of a charged crime, such as a non-identification of the defendant by a witness to a charged crime or an identification or other evidence implicating another person in a manner that tends to cast doubt on the defendant's guilt; and

e) Information that could affect in the defendant's favor the ultimate decision on a suppression motion; and it is further

[* 3]

ORDERED, that the District Attorney and the Assistant District Attorney responsible for the case or any other agent prosecuting the case is hereby advised of his/her duty to disclose favorable information whether or not such information is recorded in tangible form and irrespective of whether the prosecutor credits the information; and it is further

ORDERED, that the District Attorney and the Assistant District Attorney responsible for the case or any other agent responsible for the prosecution of the case is directed that favorable information must be timely disclosed in accordance with the United States and New York State constitutional standards, as well as CPL Article 245. Disclosures are presumptively "timely" if they are completed no later than 30 days before commencement of trial in a felony case and 15 days before commencement of trial in a misdemeanor case. Records of a judgment of conviction or a pending criminal action ordinarily are discoverable within the time frame provided in CPL Article 245. Disclosures that pertain to a suppression hearing are presumptively "timely" if they are made no later than 15 days before the scheduled hearing date; and it is further

ORDERED, that the District Attorney and the Assistant District Attorney responsible for the case or any other agent responsible for the prosecution of the case is hereby reminded and informed that his/her obligation to disclose is a continuing one; and it further

ORDERED, notwithstanding the foregoing, that a prosecutor may apply for a protective order, which may be issued for good cause, and CPL Article 245 shall be deemed to apply, with respect to disclosures required under this Order. Moreover, the prosecutor may request a ruling from the court on the need for disclosure. Only willful and deliberate conduct will constitute a violation of this Order or be eligible to result in personal sanctions against the prosecutor; and it is further

ORDERED, that counsel for the defendant is required to:

a) confer with the defendant about his/her case and is required to keep the defendant informed about all significant developments in this case; and

b) timely communicate any and all plea offers to the defendant and to provide him/her with reasonable advice about the advantages and disadvantages of any such plea offer including the potential sentencing ranges that apply in the case;

c) where applicable, insure the defendant receives competent advise concerning immigration consequences as required under *Padilla v. Kentucky*, 559 US 356 [2010];

d) perform a reasonable investigation of the facts and the law pertinent to the case (including, as applicable, visiting the scene, interviewing witnesses, subpoenaing pertinent materials, consulting experts, inspecting exhibits, reviewing all discovery materials obtained from the prosecution, researching legal issues, etc.) or, as appropriate, making a reasonable professional judgment not to investigate a particular matter;

e) comply with the requirements of the New York State Rules of Professional Conduct regarding conflicts of interest, and when appropriate, timely notify the court of a possible conflict so that an inquiry may be undertaken or a ruling made;

f) possess or acquire a reasonable knowledge and familiarity with criminal procedural and evidentiary law to ensure constitutionally effective representation in the case; and

g) in accordance with statute, provide notices as specified in CPL sections 250.10, 250.20 and 250.30 (e.g., a demand, intent to introduce the evidence, etc.) as to the defendant's demand for exculpatory material, the People have acknowledged their continuing duty to disclose exculpatory material at the earliest possible date upon its discovery (*see, Brady v Maryland*, 373 US 83 [1963]; *Giglio v United States*, 405 US 150 [1972]). In the event that the People are, or become, aware of any material which is arguably exculpatory and they are not willing to consent to its disclosure to the defendant, they are directed to immediately disclose such material to the court to permit an *in camera* inspection and determination as to whether the material must be disclosed to the defendant.

## D. MOTION TO SUPPRESS STATEMENTS

The Court grants the Defendant's motion to the extent that a *Huntley* hearing shall be held prior to trial to determine whether any statements allegedly made by the Defendant, which have been noticed by the People pursuant to CPL 710.30 (1)(a) were involuntarily made by the Defendant within the meaning of CPL 60.45 (*see* CPL 710.20 (3); CPL 710.60 [3][b]; *People v Weaver*, 49 NY2d 1012 [1980]), obtained in violation of Defendant's Sixth Amendment right to counsel, and/or obtained in violation of the Defendant's Fourth Amendment rights (*see Dunaway v New York*, 442 US 200 [1979]).

## D. MOTION TO SUPPRESS PHYSICAL EVIDENCE

This branch of the defendant's motion is granted solely to the extent of conducting a *Mapp* hearing prior to trial to determine the propriety of any search resulting in the seizure of evidence (*see Mapp v Ohio*, 367 US 643[1961]) including the results of the chemical test to determine, *inter alia*, whether the defendant expressly consented to the chemical test (*see eg, People v Atkins*, 85 NY2d 1007, 1008 [1995] and/or that it was administered in accord with VTL §1194 (2)(a) (*see People v Atkins*, 85 NY2d 1007, 1008 [1995]). Notably, the two hour limit set forth in VTL §1194(2)(a)(1) has no application where a defendant expressly and voluntarily consents to a test as opposed to where a defendant is deemed to have consented (*People v Elysee*, 12 NY3d 100, 105 [2009])[1]. In the event the court finds that the defendant was deemed to have consented, the court will then consider whether the two hour statutory criteria as set forth in VTL§ 1194(2)(a)(1) was followed. The hearing will also address whether any evidence was obtained in violation of the defendant's Fourth Amendment rights, including evidence seized from the defendant, the defendant's car and observations made of him (*see Dunaway v New York*, 442 US 200 [1979]).

---

[1] Any person who operates a motor vehicle in this state shall be deemed to have given consent to a chemical test of . . . breath, blood, urine, or saliva, for the purpose of determining the alcoholic and/or drug content of the blood (*People v Elysee*, 12 NY3d 100, 105 [2009]).

## H. <u>MOTION RESERVING THE RIGHT TO FILE ADDITIONAL MOTIONS</u>

Defendant's motion reserving the right to file additional motions is denied. Should the Defendant file any other motions that were not raised in his *Omnibus* motion, then they will need to be in compliance with CPL 255.20(3).

The foregoing constitutes the opinion, decision and order of this Court.

Dated:    White Plains, New York
          May 11 , 2022

                                    Honorable George E. Fufidio
                                    Westchester County Court Justice

To:

HON. MIRIAM E. ROCAH
District Attorney, Westchester County
111 Dr. Martin Luther King, Jr. Boulevard
White Plains, New York 10601
BY:
        KEVIN K. JONES, ESQ
        Assistant District Attorney

CLARE J. DEGNAN, ESQ.
The Legal Aid Society of Westchester County
150 Grand Street, Suite 100
White Plains, New York 10601
BY: JULIE B. SCHECHTER, ESQ.

[* 6]