People v Martinez (2025 NY Slip Op 50015(U))

[*1]

People v Martinez

2025 NY Slip Op 50015(U)

Decided on January 8, 2025

Criminal Court Of The City Of New York, Bronx County

González-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 8, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New YorK,

against
Raul Martinez, Defendant.

Docket No. CR-022971-22BX

For the People: Darcel D. Clark, District Attorney, Bronx County
(by: ADA Jennifer Rentrope)
For the Defendant: The Bronx Defenders
(by: Matthew S. Bruno, Esq.)

Yadhira González-Taylor, J.

On December 18, 2022, defendant Raul Martinez was arraigned on an accusatory instrument charging him with violating Vehicle and Traffic Law ("VTL") §§ 1192 (2) (driving while intoxicated, per se), 1192 (2-a) (a) (aggravated driving while intoxicated, per se), 1192 (3) (driving while intoxicated), all misdemeanors, and 1192 (1) (driving while impaired). Following Ingle/Johnson/Atkins/Mapp/Dunaway/Huntley hearings, this Court rendered a Decision and Order on August 15, 2024, which denied defendant's Ingle/Mapp/Dunaway and Johnson/Atkins motions to suppress evidence but granted defendant's Huntley motion to suppress his statement to the police.
On October 29, 2024, upon defendant's motion to reargue whether the Court overlooked or misapprehended matters of fact or law concerning the voluntariness of a consent search by means of a chemical blood test administered to the non-English speaking defendant, this Court reconsidered its Decision and Order dated August 15, 2024, and granted defendant's motion to suppress the Intoxicated Driver Testing Unit ("IDTU") video and results of defendant's chemical breath test.
On November 29, 2024, the People filed their own request for leave to reargue pursuant to CPLR § 2221. Specifically, the prosecution maintains that the Court overlooked the provisions of VTL § 1194 (2) and improperly assigned to the People the heavy burden to demonstrate that defendant voluntarily consented to the breathalyzer test. On December 17, 2024, defendant filed his opposition to the People's motion to reargue.
For the reasons set forth herein, the People's request for leave to reargue is GRANTED, and upon review and consideration of the submissions, court file and relevant legal authority, the Court DENIES the People's motion to alter its prior determination to suppress the IDTU video and breathalyzer test results.
 DISCUSSION
I. Applicable Legal Standard
CPLR § 2221 (d)(2) Motion to Reargue
A motion for leave to reargue shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion but shall not include any matters of fact not offered on the prior motion (see CPLR § 2221 [d] [2]).
Additionally, it is well-settled that "a motion for reargument, addressed to the discretion of the court, is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law. Its purpose is not to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided" (see Pro Brokerage, Inc., v Home Ins. Co., 472 NYS2d 661-662 [1st Dept 1984] [emphasis added] citing Foley v Roche, 68 AD2d 558, 567 [1st Dept 1979]).
II. The Parties' Arguments
The People contend that pursuant to the provisions of VTL § 1194 (2), anyone who operates a motor vehicle is automatically deemed to have given consent to a chemical test when certain conditions exist. Referencing the concept of "implied consent," the prosecution maintains that the facts at bar establish that where defendant's breathalyzer test was performed within two hours of his arrest and absent defendant's express refusal to submit to the chemical test, the People had no duty to establish that defendant voluntarily consented to the administration of the chemical test (see People's memorandum of law at 15 ["defendant voluntarily consented to the breath test by blowing into the machine"]).
In opposition, defendant initially posits that the People's motion for leave to reargue is merely an attempt to have a second bite of the apple in the hope of prevailing by advancing a different and previously unexplored theory. Next, defense counsel asserts that, contrary to the People's contention, the holding in People v Medel-Dominquez, 2017 NY Slip Op 51757[U] [1st Dep't 2017] is instructive because the timing of that defendant's breath test was of no import to the First Department where that prosecution had failed to proffer a translation of the warnings issued before the breath test was administered.
III. The Court's Analysis
Initially, insofar as the People invoked the VTL § 1194 (2) (a) "two-hour rule" during the omnibus hearings, the Court cannot agree with defense counsel that the instant motion advances a new theory and, thus, the People's motion to reargue is granted. However, the Court holds that its prior reliance upon the First Department's holding in Medel-Dominquez is still sound (see Medel-Dominquez, 2017 NY Slip Op 51747[U], *1 ["The People failed to present a full translation of the video recording of the test, particularly the conversation in Spanish between defendant and the Intoxicated Driver Testing Unit officer"]; see also People v Dobson, 285 AD2d 737, 738 [1st Dept 2001]["Where the People rely on consent to justify an otherwise unlawful intrusion, they bear the heavy burden of establishing that such consent was freely and voluntarily given"][internal quotations omitted]).
Here, the prosecution relies upon the holding in People v Atkins to assert that the People have no burden to demonstrate that a defendant voluntarily consents to a breathalyzer test unless the test is administered more than two hours after the arrest (see Atkins, 85 NY2d 1007, 1008-1009 [1995] citing People v Ward, 307 NY 73 [1954] ["It follows from our decision in Ward that the two-hour limitation contained in Vehicle and Traffic Law § 1194 (2) (a) has no application here where, as found by the Appellate Term, defendant expressly and voluntarily [*2]consented to administration of the blood test"]).
However, the majority's holding in Atkins is inapposite to the facts at bar because the issue before this Court is whether this defendant's consent could be deemed voluntary where the record is void of any English translation of what information was imparted to him before his breathalyzer test was performed. Rather, this Court finds the dissent in Atkins to be instructive for its recognition that although motorists operating on the State's roadways are deemed to have given consent to chemical testing, the manner in which the blood sample is obtained must still pass constitutional muster (see Atkins at 1011-1012 ["If law enforcement officials were required to employ physical force to obtain the blood sample in those circumstances, the test results would be the product of coercion and would no longer satisfy the demands of due process"]).
By analogy, the lack of an English language translation raises a fundamental due process issue because the voluntariness of defendant's consent cannot be determined by this Court without establishing what was communicated to defendant, and it strains credulity to suggest that because defendant merely blew into the breathalyzer machine, this hurdle could or should be surmounted without evidence of a translation proffered by the People. There is no evidence at bar that defendant voluntarily consented to the chemical test.

 CONCLUSION
Upon review and consideration of the submissions, court file and relevant legal authority, the People have proffered no evidence that the Court overlooked or misapplied the provisions of VTL § 1194 (2) (a) and improperly assigned to the People the heavy burden to demonstrate that defendant voluntarily consented to the breathalyzer test.
Accordingly, the Court DENIES the People's motion to disturb its prior determination to suppress the IDTU video and breathalyzer test results.
This constitutes the opinion, decision, and order of the Court.
Dated: January 8, 2025
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.