People v Lopez (2025 NY Slip Op 51225(U))

[*1]

People v Lopez

2025 NY Slip Op 51225(U)

Decided on July 31, 2025

Criminal Court of the City of New York, Kings County

Tisne, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 31, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York,

against
Isaac Lopez.

Docket No. CR-055149-24KN

For the People: John Baladi
For defendant: Emma Sherry

Philip V. Tisne, J.

On July 29, the court granted defendant a Huntley / Dunaway hearing, and reserved judgment on his further request for a hearing to challenge (i) the validity of his consent to the chemical test in this case and (ii) the admissibility of the results of that chemical test under People v. Victory, 166 Misc 2d 549 (Crim Ct, Bronx County 1995). Having considered the parties' written submissions, the request for a Victory hearing is denied, and the request for a voluntariness hearing is granted.
In Victory, the criminal court held that a hearing was required to establish whether a chemical test "taken more than two hours after the arrest of the defendant is competent, reliable and probative of the fact that the defendant was impaired or intoxicated when he operated a motor vehicle." 166 Misc 2d at 550. The decision essentially manufactured a rule of admissibility from the two-hour consent rule from VTL § 1194(2)(a)(1). But the two-hour rule is about the circumstances under which the law will presume a defendant's consent to a chemical test. It is not an evidentiary rule "proscribing admission of the results of any chemical test administered after that period." People v Atkins, 85 NY2d 1007, 1009 (1995); see also People v Odum, 31 NY3d 344, 349 (2018) (noting that the consent from the two-hour rule is a consent to have a chemical test performed within two hours). Defendant is free at trial to challenge the reliability of the results of the chemical test performed more than two hours after his arrest—presumably by impeaching the witness through whom the test is introduced, or by other evidence about the effect of delay on the accuracy of a chemical test. But those arguments go to the weight to be accorded to the test-results evidence in this case, not to its admissibility at trial.
By contrast, defendant's request for a voluntariness hearing is granted. Defendant alleges that he was arrested at 5:09 a.m. at the scene of an automobile accident; that he suffered significant injuries to his head in the accident, including a fractured jaw, broken nose, and black eye; and that he consented to a blood draw at 7:06 a.m. that morning while he was handcuffed and shackled to a hospital bed under guard by police officers. These allegations raise a question of fact sufficient to warrant a hearing on whether defendant's consent to the blood draw in this [*2]case was genuinely voluntary. See CPL 710.60(1); see also People v Medel-Dominguez, 58 Misc 3d 130(A) (App Term, 1st Dept 2017).
This constitutes the order of the court.
Dated: July 31, 2025
Brooklyn, New York
Hon. Philip V. Tisne